UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SCOTT MOWERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 2:18-cv-301 |
| ) | |
| UNUM LIFE INSURANCE COMPANY ) | |
| OF AMERICA and COCA-COLA ) | |
| COMPANY BENEFITS COMMITTEE, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, the Plaintiff, Scott Mowery ("Plaintiff" or "Mr. Mowery"), by and through the undersigned counsel, Nicholas T. Lavella, to file this Complaint against the Defendants, Unum Life Insurance Company of America ("Unum") and Coca-Cola Company Benefits Committee (the "Plan Administrator"), and as cause therefore states as follows:

### I. JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001.  The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States.  Specifically, Plaintiff brings this action to enforce his rights under ERISA as authorized by 29 U.S.C. §1132.

2. Mr. Mowery is a resident of Dyer, Indiana and a citizen of the State of Indiana.

3. Unum is a domestic insurance corporation with its principal place of business located in Chattanooga, Tennessee, and is doing business in Indiana.

4. Unum issued a group insurance policy (the "Policy") to Coca-Cola Refreshment USA Inc. In the Policy, The Coca-Cola Company Benefits Committee is named as Plan Administrator. The Policy promises to pay disability benefits to employees of Coca-Cola if they are unable to work due to sickness or injury.

5. As an employee of Coca-Cola, Mr. Mowery is insured by the Policy.

6. The Policy is delivered in the Northern District of Indiana and is subject to applicable Indiana state law.

7. Venue in the Northern District of Indiana is appropriate by virtue of the Policy being delivered in this District and the group long term disability plan being administered in this District.

## II. FACTUAL ALLEGATIONS

8. As an employee of Coca-Cola, Mr. Mowery worked as a warehouse supervisor since 2006.

9. In July of 2013, Mr. Mowery became disabled due to a complicated medical condition involving low back pain, rotator cuff repair, and neck surgery. Over the course of Mr. Mowery's disability claim, he was unable to work due to degenerative disc disease with radiculopathy and history of surgery, spinal stenosis in both the cervical and lumbar regions, thoracic spine pain, labral and tendon tears with history of left shoulder surgery, degenerative joint disease with history of knee and elbow surgery, osteoarthritis, neuropathy, gout, hypertension, diabetes with associated syncope, migraines, hypersomnia, seizure disorder, and a past history of anxiety and depression.

10. When Mr. Mowery became disabled, he submitted claims for both short term and long term disability benefits to Defendants pursuant to the Policy. Unum approved Mr. Mowery for the maximum duration of short term disability benefits.

11. In a letter dated January 16, 2014, Unum informed Mr. Mowery that his claim for long term disability benefits had been approved, finding that he is disabled from working as a warehouse supervisor.

12. Unum continually reviewed Mr. Mowery's claim for long term disability benefits, found that he remained disabled, and Mr. Mowery continued to receive long term disability benefits through 2016.

13. In a letter dated January 30, 2017, Unum notified Mr. Mowery that his long term disability benefits have been terminated.  In its letter denying Mr. Mowery's ongoing disability benefits, Unum alleges that Mr. Mowery does not meet the applicable definition of "Disability" found in the long term disability policy.

14. Unum reviewed Mr. Mowery's claim under the following definition for "disability":

*You are disabled when Unum determines that:*
   1) *you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and*
   2) *you have 20% or more loss in your indexed monthly earnings due to the same sickness or injury.*

*After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience…*

*… GAINFUL OCCUPATION means an occupation that is or can be expected to provide you with an income within 12 months of your return to work, that exceeds: 80% of your indexed monthly earnings, if you are working; or 60% of your indexed monthly earnings, if you are not working.*

15. In its denial letter, Unum claimed that Mr. Mowery was able to perform the duties of other gainful occupations.  Unum selectively cited to the medical records to arrive at this

finding. Unum erred by ignoring clinical findings in a Functional Capacity Examination (FCE) report that indicated Mr. Mowery can only "occasionally" tolerate sitting, standing, walking, grasp, finger, and perform fine manipulation, among other work limitations. Although Unum acknowledged some of the limitations noted in the FCE report, it failed to recognize the frequency of which Mr. Mowery would be limited, as well as the need to change positions every 10-18 minutes. Unum also discounted the opinion of Mr. Mowery's treating provider, Dr. William Cataldi, who provided work restrictions and found that Mr. Mowery is unable to perform the demands of sedentary work on a full-time basis. Mr. Mowery also sought treatment with a neurologist, Dr. Amarjit S. Bhasin, who ordered diagnostic electromyography (EMG) testing to confirm painful diabetic peripheral neuropathy. Unum cited to the opinions of two of its reviewing physicians, employees of Unum, who found that he is capable of sedentary work. Unum cited to three sedentary occupations – dispatcher, order clerk, and procurement clerk – that it claims he is capable of performing.

16. After obtaining legal counsel and an extension of time to submit information in support of his appeal, Mr. Mowery appealed Unum's denial of long term disability benefits on August 4, 2017. Mr. Mowery submitted additional evidence on September 11, 2017 and October 26, 2017, including records from Dr. William Cataldi and Dr. Amarjit S. Bhasin.

17. In a letter dated December 12, 2017, Unum issued a letter denying Mr. Mowery's appeal for long term disability benefits. Unum reiterated its findings leading up to the January 30, 2017 termination of benefits. For review of Mr. Mowery's appeal, Unum again cited to a physician who completed an "independent review" of the file. This physician found that Mr. Mowery is capable of sedentary work activity and cited to select portions of the

medical records. Unum also cited to Mr. Mowery's activity level that it perceived to be consistent with sedentary work activity. This included a citation to a March 31, 2016 field visit by a Unum representative, who is not a medical professional. Unum's file reviewing physician acknowledged that Mr. Mowery would be "limited from more than brief reaching above shoulder height as well as any forceful gripping, squeezing, or twisting." The vocational consultant reviewed these work restrictions and found that Mr. Mowery could still perform the prior occupations that were identified in the January 30, 2017 denial letter.

18. Despite clear and supportive evidence of Mr. Mowery's disability from performing the material and substantial duties of any gainful occupation, Unum refuses to pay Mr. Mowery's long term disability benefits beyond January 30, 2017. Unum failed to appropriately consider the findings of a functional capacity examiner, EMG testing and other objective evidence, and the opinion of a treating provider (Dr. Cataldi). Unum's termination of disability benefits and appeal denial results in an arbitrary and capricious determination of benefits. Unum's reliance on the review by its own employees unfairly biased its claims determination, leading to a wrongful denial of benefits. As a result of the denial of benefits, Mr. Mowery continues to suffer from serious financial and emotional distress, in addition to his physically disabling conditions.

### III. CLAIM FOR RELIEF

### WRONGFUL TERMINATION OF EMPLOYEE BENEFITS

19. Since January 30, 2017, Mr. Mowery remains unable to perform the material duties of his regular occupation or any occupation.

20. Mr. Mowery provided the Defendants with ample medical evidence to verify his disability under Coca-Cola's Long Term Disability Policy.

21. The Defendants have intentionally and without reasonable justification denied Mr. Mowery's long term disability benefits in violation of Coca-Cola's Long Term Disability Policy and ERISA.

WHEREFORE, the Plaintiff, Scott Mowery, requests that this Honorable Court enter Judgment:

A. Finding that Plaintiff is entitled to past due long term disability benefits and order the Defendants to pay the past due benefits.

B. Finding that Plaintiff is entitled to continuing long term disability benefits and order the Defendants to pay for future monthly benefits as they become due.

C. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

D. Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendants' wrongful denial of benefits.

E. Awarding all other relief as may be just and appropriate.

Respectfully Submitted,

　/s/ Nicholas Lavella　
Nicholas Lavella, #29337-49
Attorney for Plaintiff
Keller & Keller, LLP
2850 N. Meridian St.
Indianapolis, IN 46208
(317) 926-1111
Fax: (317) 275-3008